Sharon Taylor **GOOLSBY**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. **90–118C.**

United States Claims Court.

Oct. 23, 1990.

Martin Sir, Nashville, Tenn., for plaintiff.

Lisa B. Donis, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson, for defendant.

## ORDER

NETTESHEIM, Judge.

This case is before the court on defendant's renewed motion to dismiss pursuant to RUSCC 12(b)(1) for lack of jurisdiction over the subject matter. To be decided is the issue whether defendant's failure to obtain a release of a debt owed by plaintiff to a third party constitutes a breach of an implied-in-fact contract over which the court has jurisdiction. The court denied in part and granted in part defendant's original motion to dismiss pursuant to RUSCC 12(b)(4) for failure to state a claim for relief. *Goolsby v. United States,* 21 Cl.Ct. 88 (1990). Argument on the renewed motion is deemed unnecessary.

## FACTS

The following facts derive from the amended complaint. Sharon Taylor Goolsby ("plaintiff") is a farmer in DeKalb County, Tennessee. On March 10, 1982, she gave a promissory note in the amount of $28,537.00 to the Cookeville Production Credit Association (the "CPCA"). Five months later, plaintiff applied to the Farmers Home Administration (the "FmHA") for a loan to refinance the CPCA promissory note. The FmHA denied this application (as well as the previous one in July 1981) on September 3, 1982. Plaintiff appealed the decision, and in April 1983 Johnny Crow, the FmHA State Director, reversed the DeKalb County FmHA decision. In his letter informing plaintiff of the decision, Mr. Crow stated that a loan would be made upon completion of a Farm and Home Plan.

On February 6, 1984, plaintiff completed FmHA Forms 431–2 and 1940–1 (the "Farm and Home Plan"). One month later Jerry Jolley, FmHA County Supervisor, requested the loan funds. In the interim period prior to the loan's closing, Mr. Jolley and the CPCA discussed resolution of the outstanding debt. To that end an FmHA Form 403–1 (the "debt adjustment agreement") was prepared to formalize resolution of the debt. This agreement stated that $22,000.00 would be a settlement for "all claims versus debtor." The FmHA received the loan funds on June 22, 1984. On September 18, 1984, plaintiff signed the agreement and endorsed the corresponding loan check with the notation that the check was "for the purpose of refinancing the indebtedness owed ... [the CPCA]." However, when the FmHA delivered the check to the CPCA, the FmHA did not secure a corresponding signature to the debt adjustment agreement. Later the CPCA added qualifying language to the check such that the loan check did not relieve plaintiff from the balance of the obligation and, thus, amounted only to partial satisfaction of the debt.

In February 1985 the CPCA filed a promissory warrant ("replevin action") against plaintiff in the General Sessions Court of DeKalb County, Tennessee, to recover farm machinery and equipment, as well as livestock. Three weeks later the CPCA sued plaintiff in the DeKalb County General Sessions Court for $3,084.08, plus interest due on the promissory note. Plaintiff then filed a third-party complaint against Mr. Jolley and the United States. The

third-party defendants removed the action to federal district court. A jury returned a verdict for the CPCA in both the suits in the amount of $5,203.00. Plaintiff subsequently appealed and the Sixth Circuit reversed. *Cookeville Prod. Credit Ass'n v. Goolsby*, 840 F.2d 16 (6th Cir.1988) (per curiam) (unpubl.). The court held that the CPCA accepted the check with notice and knowledge that plaintiff intended the payment to be in full satisfaction of the debt. Further, the CPCA's limited endorsement was never communicated to plaintiff; hence, the CPCA's acceptance of the check constituted a full accord and satisfaction of the debt. Subsequently, the district court dismissed plaintiff's third-party complaint without prejudice and remanded the action to Tennessee state court. *Cookeville Prod. Credit Ass'n v. Goolsby*, No. 85–00151 (M.D.Tenn. Mar. 21, 1989) (unpubl.). Plaintiff unsuccessfully appealed this judgment, *Cookeville Prod. Credit Ass'n v. Goolsby*, 896 F.2d 553 (6th Cir.1990) (Table). At present plaintiff has no third-party complaint pending in any state or federal court. Plaintiff filed the instant action on February 5, 1990, in order to toll the six-year statute of limitations on contract actions. She pleads breach of an implied-in-fact contract due to the FmHA's alleged failure promptly to process her loan request and to obtain a precise debt settlement agreement with the CPCA. She also seeks $10,849.23 in attorneys' fees incurred in the district court litigation premised on the FmHA's alleged "bad faith."

## DISCUSSION

■ Plaintiff contends that the FmHA's failure to obtain a release of her debt owed to the CPCA constitutes a breach of an implied-in-fact contract actionable in the Claims Court.[1] Defendant counters that jurisdiction is lacking because plaintiff fails to substantiate the authority of a government employee to bind the FmHA to such a contract. Since defendant has moved to dismiss the amended complaint for lack of subject matter jurisdiction, the court must accept as true any undisputed allegations of fact made by plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). However, plaintiff bears the burden of establishing jurisdiction. *Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746, 748 (Fed.Cir.1988) (citing cases). If the motion involves a factual attack on the complaint's jurisdictional allegations, the court may receive competent evidence to resolve the factual dispute. *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947). Any disputed facts relevant to the issue of jurisdiction can be resolved on such a motion. *Reynolds*, 846 F.2d at 747.

■ A government official who allegedly binds the Government to a contract implied-in-fact must have had the actual authority to do so. *H.F. Allen Orchards v. United States*, 749 F.2d 1571, 1575 (Fed. Cir.1984), *cert. denied*, 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985). Although proof of apparent authority is not sufficient, implied actual authority, like express actual authority, will suffice. *H. Landau & Co. v. United States*, 886 F.2d 322, 323 (Fed.Cir.1989). The Government may not be bound by the unauthorized acts of its agents. *Scope Enterprises, Ltd. v. United States*, 18 Cl.Ct. 875, 882 (1989). A party entering into a contract with a government official "takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947); *see also City of Alexandria v. United States*, 737 F.2d 1022, 1027 (Fed.Cir.1984); *Kania v. United States*, 227 Ct.Cl. 458, 465, 650 F.2d 264, 268, *cert. denied*, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981).

■ As described by defendant, any agreement between plaintiff and the FmHA extended only to preparing a debt adjustment form and delivering it to the CPCA. However, defendant maintains

---

1. Plaintiff conceded that the court lacks jurisdiction over a breach of an alleged implied-in-fact contract due to the FmHA's failure promptly to process plaintiff's loan request. Plf's Br. filed Sept. 17, 1990, at 2.

that this agreement did not contractually obligate the FmHA to obtain a release of plaintiff's debt from the CPCA. Defendant argues that no implied-in-fact contract existed between plaintiff and the FmHA because Mr. Jolley, the government official alleged to have bound the FmHA, lacked actual authority to promise plaintiff that the CPCA, a third party, would release plaintiff from her debt. Defendant finds support for its position in FmHA regulations that were part of plaintiff's FmHA loan contract. They provide:

> Debtors should negotiate ... with their creditors for an adjustment of their debts.... Debtors should also understand that it is their responsibility to comply with the conditions specified in the negotiated debt adjustment agreements.

7 C.F.R. § 1903.3 (1990).

Plaintiff advances a single argument in response to defendant's assertion that Mr. Jolley lacked actual authority to bind the FmHA in this matter. According to plaintiff, because "debt settlements ... [are] a routine part of FmHA refinancing of other debts," Mr. Jolley had actual authority to bind the FmHA to an implied-in-fact contract. Plf's Br. filed Sept. 17, 1990, at 4.

Plaintiff has not submitted any evidence to the effect that Mr. Jolley possessed actual authority to bind the FmHA to the alleged implied-in-fact contract. Plaintiff asserts that Mr. Jolley was acting as her agent in negotiating the debt adjustment agreement with the CPCA and that debt settlements are a routine part of FmHA refinancing of other debts. Neither of these assertions addresses Mr. Jolley's actual authority to bind the FmHA to an agreement to obtain a release of the note from the third-party CPCA. Accepting as true plaintiff's allegation that Mr. Jolley promised he would obtain a release of her debt owed to the CPCA, this allegation pertains to plaintiff's belief in Mr. Jolley's authority to bind the FmHA in this matter, not Mr. Jolley's actual authority to do so.[2]

Thus, even if Mr. Jolley made the promise, it was incumbent on plaintiff to ascertain that Mr. Jolley had authority to commit the FmHA to such an undertaking. *Miles Farm Supply, Inc. v. United States*, 14 Cl.Ct. 753, 757 (1988). Plaintiff's reliance on Mr. Jolley's promise does not establish his authority.

*H. Landau & Co.* was a suit alleging that officials of the Small Business Administration, who were charged with administering a subcontract and had authority to draw checks on a joint bank account, had implicit authority to assure plaintiff supplier of a governmental contractor that plaintiff would be paid for providing materials to the contractor. The Federal Circuit remanded the case to the Claims Court because the lower court had not considered whether the requisite authority was implicit. The appeals court drew on two lines of authority in ordering the further inquiry. The first is that an officer authorized to make a contract for the Government has implied authority to modify it. 886 F.2d at 324. The second is that authority to bind the Government can be implied when it is considered to be an integral part of the duties assigned to the employee. *Id.* The court has reviewed the record to ascertain whether jurisdiction can be grounded on a claim of Mr. Jolley's implied actual authority. Plaintiff does not claim that Mr. Jolley modified the FmHA's contract with her; nor does she offer evidence that the assurances allegedly made by Mr. Jolley were an integral part of his assigned duties. As defendant points out,

> this case does not present the usual question of whether a Government official can bind the Government to an agreement. Rather, the government official in this case is accused of failing to obtain an agreement, for the plaintiff's benefit, from a third party over whom, it should have been clear to the plaintiff, the Government absolutely had no control or authority. If any contract was formed between the Government and ... [plain-

2. The reasonableness of such a belief, if it existed, is questionable as FmHA regulations that were part of plaintiff's FmHA loan contract put plaintiff on notice that debt negotiations with the CPCA were her responsibility, not the responsibility of the FmHA. *See* 7 C.F.R. § 1903.3.

tiff] in this case, it was that FmHA would prepare a debt adjustment form for ... [plaintiff] and deliver it the CPCA. This obligation was fulfilled.

Def's Br. filed Oct. 1, 1990, at 4–5 (emphasis omitted).

For these reasons plaintiff has not met her jurisdictional burden.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction is granted. The Clerk of the Court shall dismiss plaintiff's amended complaint.

IT IS SO ORDERED.