**Nicholas & Renne ROHMANN, James S. & Wanda Morrison, William A. & Jean Knibbs, Jr., Norman G. & Dianne L. Ferguson, Alan R. & Kathleen Q. Mayer, Michael W. Haedrich, William E. Tucker, Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Nos. 268–89T, 453–89T, 507–89T, 527–89T, 348–89T, 582–89T and 587–89T.**

United States Claims Court.

Feb. 11, 1992.

Charles L. Abrahams, La Mesa, Cal., for plaintiffs.

Benjamin C. King, Jr., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

HORN, Judge.

### BACKGROUND

In each of the seven, above-captioned cases, the defendant has filed either a Motion to Dismiss or a Motion for Partial Dismissal. Each of the seven cases addressed by the court in this Opinion is related to the *Douglas R. Favell, Jr., et al.*

hockey player tax refund cases,[1] and each of the seven was filed in 1989. At present, one-hundred twenty (120) related cases still are pending before this court in which the plaintiffs, professional hockey players, and in some cases their spouses, are seeking refunds of income taxes.

In *Favell v. United States*, 16 Cl.Ct. 700 (1989), this court denied plaintiffs' Motion for Partial Summary Judgment and granted the Cross–Motion of the United States for partial summary judgment. The court held that the plaintiffs in the related hockey player tax refund cases, who were non-resident aliens, are not entitled to exclude from United States tax liability income payments alleged to be attributable to activities in which they engaged during the off-season in Canada. The court stated that the requirement that the plaintiff hockey players arrive at training camp in good physical condition is a contractual condition, not an obligation or promise of the player. *Id.* at 726.

Subsequently, in *Favell v. United States*, 22 Cl.Ct. 571 (1991), this court granted defendant's motion to dismiss specific claims from certain of the other plaintiffs' hockey player tax refund complaints in a number of the consolidated and related cases, pursuant to RUSCC 12(b) for lack of subject matter jurisdiction over those claims. The court dismissed the claims based on five, distinct jurisdictional defects, which the court held prevented the exercising of jurisdiction in the United States Claims Court. The five types of defects which resulted in the dismissal of claims in the Order included: (1) claims in lawsuits which were not filed within two years of the mailing of notices of disallowance, as required by 26 U.S.C. § 6532(a) (1988); (2) refund claims which were not filed within three years of payment of the tax, as required by 26 U.S.C. § 6511(b)(2) (1988); (3) claims which were not accompanied by a valid power of attorney for the specified year, as required by Treas.Reg. § 301.6402–2(e) (as amended in 1977) and Internal Revenue Service Statement of Procedural Rules, 26 C.F.R.

1. The above captioned cases are eight of two-hundred and thirty-one (231) related tax refund cases filed on behalf of hockey players in the United States Court of Claims and the United States Claims Court. The original cases were filed in the United States Court of Claims and then transferred to the United States Claims Court in 1982, after the enactment of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25.

The Honorable Philip R. Miller, of the United States Court of Claims, and then of the United States Claims Court, presided over these cases until his retirement. During his tenure, 194 related cases were filed. Upon Judge Miller's retirement, all the hockey player cases were transferred to this Judge. Since then, 37 additional, similar tax refund cases have been brought, bringing the total number of related cases filed to 231. The cases were filed starting in 1976, until the most recently filed case was submitted to the court in 1990.

Pursuant to Orders of this court dated February 22, 1991 and March 4, 1991, fifteen (15) of the related cases were dismissed for jurisdictional defects. On February 25, 1991, this court issued an Order requiring the plaintiffs in all the related hockey player cases to file one of two attached Notices by June 28, 1991; "Notice A" was to be filed if the plaintiff desired to continue prosecuting his/her case, and "Notice B" was to be filed if the plaintiff wanted the court to dismiss his/her claims. Subsequently, on October 2, 1991, this court issued an Order dismissing, with prejudice, eight (8) of the relat-

ed cases in which the plaintiffs had filed Notices B. Also on October 2, 1991, this court issued an Order dismissing eighty-eight (88) cases, without prejudice, for failure to prosecute, in which the plaintiffs failed to send in either Notice A or Notice B by the June 28, 1991 deadline. However, the court allowed the filing of thirty-two (32) Notices A & B received as late as September 24, 1991, pursuant to Order dated October 1, 1991. An Order issued on October 23, 1991 reinstated two cases. In an Order issued January 15, 1992, this court dismissed two additional cases. Consequently, at the present time, one-hundred twenty (120) related hockey player tax refund cases are pending before this court.

The disposition of the individual hockey player tax refund cases has been delayed by the complexity of the issues, the large number of plaintiffs, the plethora of supporting documents filed in the cases, the frequent failure of plaintiffs' counsel to conform his filings to the Rules of this court, plaintiffs' counsel's continuing inability to comply with time deadlines and Orders of this court, the need for successive judges to become familiar with the extensive filings, and the many lengthy requests by both parties for extensions of time in order to file motions and to prepare for the trials scheduled by the court. Four trials have been held, six additional cases have been scheduled for trial in March, 1992 and more cases will be scheduled for trial in the near future.

§ 601.504(a) (1990); (4) claims for refund which were not referenced to the particular taxpayer or tax years listed in the claim for refund filed by the plaintiff's counsel with the Internal Revenue Service, as required by 26 U.S.C. § 7422 (1988); (5) claims asserted in complaints for which the plaintiffs never filed a claim for refund with the Internal Revenue Service, as required by 26 U.S.C. § 7422 (1988).

In each of its Motions to Dismiss and Motions for Partial Dismissal now before the court, the defendant once again argues that the court should dismiss additional specific claims for refund, in each of the above-captioned cases, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Claims Court (RUSCC). In its individual motions, the defendant alleges various grounds, as are discussed more fully below.[2]

## DISCUSSION

■ When deciding a motion to dismiss, which is based on a challenge to the jurisdiction of the court, the court must reach its decision based on the evidence presented to it by the parties. When the facts alleged in the plaintiff's complaints are challenged, the burden is on the plaintiff to establish jurisdiction. *Burgess v. United States*, 20 Cl.Ct. 701, 703 (1990).

The criteria for deciding a motion to dismiss are clearly different than those utilized by a judge following a trial, after which the fact finder has the benefit of evidence presented to it by the parties through the use of witnesses and authenticated documents. The judge's dilemma when deciding a motion to dismiss in a complicated situation, such as is presented by these hockey cases, is to sift through the allegations in the complaints, the assertions in defendant's motion to dismiss, the responses filed by the parties, together with any documentary evidence, presented in the filings.

The Supreme Court has clearly articulated, and the United States Court of Appeals for the Federal Circuit has explicitly adopted, the standard for how this court should weigh evidence presented in a complaint when deciding a motion to dismiss, as follows:

Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989).

■ The Court of Appeals for the Federal Circuit has indicated that if a motion to dismiss for lack of subject matter jurisdiction brings a challenge to the truth of the jurisdictional facts alleged in the complaint, the trial court may also consider competent and relevant evidence in order to resolve disputed facts. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 747 (Fed.Cir.1988); *Goolsby v. United States*, 21 Cl.Ct. 629, 631 (1990). In *Vink v. Hendrikus Johannes Schijf Rolkan N.V.*, 839 F.2d 676, 677 (Fed.Cir.1988), the Court of Appeals for the Federal Circuit stated that the trial court was correct when it considered additional memoranda, exhibits and affidavits prior to issuing an order of dismissal in a Rule 12(b)(1) proceeding. In *Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879, 884 (Fed.Cir.1985), *cert. denied*, 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986), the Federal Circuit similarly stated that "In deciding such a Rule 12(b)(1) motion, the court can consider, as it

---

2. A Motion for Partial Dismissal was also filed in two other related hockey player tax refund cases filed in 1989, *Holbrook v. United States*, Case No. 491–89T, and *Keller v. United States*, Case No. 526–89T.

The *Holbrook* case has already been dismissed, pursuant to the court's Order dated January 15, 1991, after the Holbrook plaintiffs sent a Notice B to this court on December 19, 1991, indicating that they wished this court to dismiss their claims with prejudice. In the *Keller* case, the court has requested supplemental information from the parties, prior to issuing a decision on defendant's motion to partially dismiss that case.

did in this case, evidentiary matters outside the pleadings."

### 1. FAILURE TO PAY FULL ASSESSED TAX LIABILITY PRIOR TO THE COMMENCEMENT OF ACTION IN THE UNITED STATES CLAIMS COURT

*Nicholas & Renne Rohmann,* Case No. 268–89T

In its Motion for Partial Dismissal, pursuant to RUSCC 12(b), the defendant moves to dismiss the plaintiffs' claim to recover a refund for their 1983 tax year on the ground that this court lacks jurisdiction because the plaintiffs did not pay the amount of the assessed tax liability for their 1983 tax year prior to the commencement of this action in the United States Claims Court. The defendant argues this failure to pay in advance of filing constitutes a jurisdictional defect to plaintiffs' lawsuit.

As evidence in support of its allegations, defendant offers a copy of a signed, dated Certificate of Assessments and Payments from the Internal Revenue Service (IRS), which reflects the assessments and credits relevant to the plaintiffs' 1983 tax year. At the bottom of the certificate, an IRS official has attested that the foregoing transcript of the named taxpayer for the years detailed is "a true and complete transcript for the period stated ... as disclosed by the records of this office as of the date of this certification...."

The Certificate of Assessments and Payments submitted by the defendant indicates that the plaintiffs filed their return on July 30, 1984 and paid the sum of $1,582.00 with the return by means of withholding credits. On September 3, 1984, the IRS made an additional assessment of taxes and interest due by the plaintiffs in their 1983 tax year in the amount of $476.84. Notice of this additional assessment was sent to the plaintiffs on September 29, 1986. The Certificate of Assessments and Payments from the IRS indicates that this additional assessment of tax and interest appears not to have been paid, as of June 15, 1989, the date shown on the Certificate of Assessments and Payments. Moreover, there is no evidence in the record of payment at a later date.

In the opposition to defendant's motion, filed on behalf of plaintiffs, the plaintiffs' attorney asserts that when a motion is brought and matters outside the pleadings are presented, such as the Certificate of Assessments and Payments, the motion should be treated as one for summary judgment pursuant to Rule 56. Plaintiffs' counsel argues that the defendant has brought in matters outside the pleading, has not provided documents which would be admissible at trial, has not filed a "Statement of Genuine Issues" or "Proposed Findings of Fact" and, therefore, has failed to comply with Rule 56, the summary judgment rule. He further asserts that the defendant did not show that the assessment was the result of a valid deficiency notice or that plaintiffs' counsel received the deficiency notice, or any other document pertaining to the taxyear at issue.[3]

In Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, the defendant notes that the plaintiffs do not deny their failure to fully pay the assessed tax, but rather argue that the underlying assessment was invalid. Moreover, defendant maintains that pursuant to Fed.R.Evid. 803(6) and Fed.R.Evid. 803(8), the Certificate of Assessments and Payments that the defendant attached in support of its Motion to Dismiss is admissible and that the certificate should be presumed correct, unless evidence to rebut that presumption is provided by the taxpayer, which rebuttal documentation has not been provided to the court.

Defendant also asserts that plaintiffs' argument regarding conversion to summary judgment is a misreading of RUSCC 12(b).

---

**3.** With respect to notification of plaintiffs' counsel, the court notes that the issue is not whether plaintiffs' counsel received a copy of the deficiency notice or of any other document from the IRS, but, rather, whether such documentation was sent to and received by the taxpayer. Presumably, the plaintiff did receive the correspondence from the IRS and no documentation to refute such presumption has been offered to the court.

According to the defendant, if a motion is brought under Rule 12(b)(4), for failure to state a claim upon which relief can be granted, and matters outside the pleadings are presented, the motion shall be treated as one for summary judgment. However, in the instant case, defendant's Motion for Partial Dismissal was brought under RUSCC 12(b)(1), for lack of subject matter jurisdiction. Therefore, defendant argues that this court can consider matters outside the pleadings, such as the Certificate of Assessments and Payments.

*James S. & Wanda Morrison*, Case No. 453–89T

The plaintiffs in this case claim a refund of taxes, allegedly overpaid for the 1974 tax year. In its Motion to Dismiss this suit, pursuant to RUSCC 12(b)(1), for lack of subject matter jurisdiction, the defendant asserts two grounds: (1) there is an outstanding deficiency assessment of tax and penalties which remains unpaid (which is addressed immediately below) and (2) plaintiffs' complaint was filed more than two years after the mailing of the notice of disallowance and, therefore, is untimely (which is discussed more fully later in this Order).

In support of its motion, defendant has attached a copy of a notice of disallowance, dated August 21, 1987, regarding the period ending December 31, 1974, which was sent to Mr. Morrison. A copy of the notice of disallowance was also attached to plaintiffs' complaint. Defendant also attached to its Motion to Dismiss a notice of deficiency, which was issued to plaintiffs on September 11, 1987, regarding their 1974 tax return. The notice of deficiency shows an existing deficiency of $2,833.00 and an assessed penalty of $142.00. In addition, the defendant sets forth a copy of a Certificate of Assessments and Payments from the IRS, which indicated that as of September 22, 1989, there was an outstanding balance of assessed tax penalties and interest owed by the plaintiffs for their 1974 tax year in the amount of $9,282.03. The Certificate of Assessment and Payments has the same signed attestation at the bottom of the page, as was described earlier re-

garding the *Rohmann* plaintiffs, to document that the Certificate of Payments and Assessments is a true transcript for the named taxpayer for the years shown, taken from the records of the IRS. Defendant, therefore, alleges that the full tax liability of the plaintiffs Morrison for 1974 was not paid prior to the institution of this lawsuit, which should result in dismissal of the plaintiffs' complaint for the 1974 tax claim.

In support of plaintiffs' argument that no deficiency has been determined for the plaintiffs in this case because the 90–day letter allegedly was issued arbitrarily and for an improper purpose, plaintiffs' counsel submitted numerous irrelevant documents, having to do with the tax cases of other hockey players. He also asserts that having deposited the complaint into the mails at the United States Post Office, he expected the complaint to be timely filed at the United States Claims Court, within five days of such deposit.

*William A. & Jean Knibbs*, Case No. 507–89T

The plaintiffs in this case have claimed that they are due a refund for the 1974 tax year. The defendant, however, moves to dismiss, for lack of subject matter jurisdiction, because the defendant asserts that the plaintiffs failed to pay the tax due for 1974 prior to filing the present suit. In support of its Motion to Dismiss the case brought by Mr. and Mrs. Knibbs, defendant has attached a Certificate of Assessments and Payments from the IRS, dated October 10, 1989, which indicates that on February 1, 1988, plaintiffs were assessed $3,587.00 in additional taxes, plus interest and penalties, presumably for the 1974 tax year. The Certificate of Assessment and Payments has the same signed attestation at the bottom of the page, as was described earlier regarding the *Rohmann* plaintiffs, to document that the Certificate of Payments and Assessments was a true transcript as of the date shown for the named taxpayer for the years listed, taken from the records of the IRS. Also in support of its motion, the defendant has attached a notice of disallowance dated September 17, 1987, denying the plaintiffs' claim in the

amount of $1,942.00 and a notice of deficiency shown to have been sent from the IRS to both plaintiffs on September 17, 1987, indicating that they owed $3,593.00 in taxes and $180.00 in penalties. Also attached to defendant's motion is an affidavit from defendant's counsel indicating that he is the attorney within the Department of Justice assigned to the case, that he has the relevant IRS files in his possession, which were provided to him by the agency, and that the notice of disallowance, the notice of deficiency and the Certificate of Assessments and Payments attached to his Motion to Dismiss were contained in those files.

Here again, defendant asserts that failure to make full payment of the assessed tax liability for a tax year is a jurisdictional defect and that the plaintiff must fully pay the tax liability before this court has jurisdiction over the claim for refund. Defendant asserts that because Mr. and Mrs. Knibbs did not make full payment of the tax assessed with regard to their 1974 tax year, the claim in the complaint for recovery of a refund for 1974 should be dismissed.

In plaintiffs' Opposition entitled "Reply to Defendant's Motion to Dismiss," plaintiffs' attorney asserts that the statutory notice of deficiency dated September 17, 1987 "was issued arbitrarily and contrary to the agreement between the parties," and that it "was void because it was issued more than six months after IRS consideration was terminated." Plaintiffs' counsel, however, did not offer any documentation in support of his opposition, and there is no evidence in the record to indicate that plaintiffs had fully paid the taxes due for 1974, prior to filing a suit for refund for that year.

In its Reply to Plaintiffs' Opposition, defendant argues that the merits or validity of the underlying notice of deficiency is not relevant to this court's determination of whether the case should be dismissed for lack of jurisdiction. Although the defendant maintains that the notice of deficiency was valid when issued, defendant asserts that whether a deficiency determination is

valid cannot be decided in a suit for refund in the United States Claims Court, unless the tax assessed has been paid and a claim for refund filed. The defendant notes that the plaintiffs in their Reply to Defendant's Motion to Dismiss never claimed to have paid the tax or to have filed the prerequisite claim for a refund.

*Norman G. & Dianne L. Ferguson,* Case No. 527–89T

In defendant's Motion for Partial Dismissal in this case, defendant moves to dismiss for lack of subject matter jurisdiction plaintiffs' claim for a refund for the 1974 tax year. Defendant asserts that plaintiffs failed to pay the tax due for 1974 prior to filing the present suit. On March 7, 1988, the IRS assessed additional tax, interest and penalties against plaintiffs, in respect to their 1974 tax year. Defendant asserts that this additional assessment also has not been paid by the plaintiffs. In support of its motion, defendant has attached a notice of disallowance dated October 1, 1987 with respect to plaintiffs' refund claim for the 1974 tax year. Defendant has also attached a notice of deficiency, together with a number of additional attachments to that notice, including a notice of deficiency statement, which indicates a copy had been sent by the IRS to plaintiffs' authorized representative, Charles L. Abrahams, at 4820 Mt. Helix Drive, La Mesa, California 92041, dated October 1, 1987, which stated that plaintiffs Norman and Dianne Ferguson owed $3,533.00 in taxes and $177.00 in penalties for their 1974 tax year. Defendant also attached a Transcript of Account, dated November 20, 1989, which indicates that on March 7, 1986, the plaintiffs were assessed $3,533.00 in taxes, $177.00 in penalties, and $7,415.00 in interest for their 1974 tax year. The Transcript of Account indicates that payment has not been made on this deficiency. In the *Ferguson* case, the defendant also has included an affidavit from its counsel indicating that he is the attorney within the Department of Justice assigned to the case, that he has the relevant IRS files in his possession provided to him by the agency, and that the notice of disallowance and the Certificate of Assessments and Payments attached to the defen-

dant's Motion to Dismiss were contained in those files.

Defendant asserts that failure to make full payment of the assessed tax liability for a tax year prior to filing a case in this court is a jurisdictional defect. Defendant argues that the plaintiff must fully pay the tax liability before this court has jurisdiction over a claim for refund. Defendant asserts that because the plaintiffs herein did not make full payment of the tax assessed with regard to their 1974 tax year, this claim in their complaint for recovery of a refund for the 1974 tax year should be dismissed.

It appears that Mr. Abrahams, as attorney for the plaintiffs, either failed to or chose not to file a Response to Defendant's Motion for Partial Dismissal of Mr. and Mrs. Ferguson's case in this court. After carefully reviewing the files of the court, no response was located. In each of the other cases discussed above (*Rohmann, Morrison* and *Knibbs*), the plaintiffs' attorney did file a response and the defendant filed a subsequent Reply. In the *Ferguson* case, the defendant also did not file a Reply, presumably because no Response to Defendant's Motion was, in fact, filed by plaintiffs' counsel.

*The Evidence and Conclusions—Rohmann, Morrison, Knibbs & Ferguson*

■ Although in several of the above named cases, the plaintiff has challenged the defendant's use of the Certificates of Assessments and Payments, the notices of disallowance, the notices of deficiency, and the Transcript of Account, the court has carefully considered the arguments set forth by both parties and reviewed the documents offered by defendant and challenged by plaintiffs' counsel in the *Rohmann, Morrison, Knibbs,* and *Ferguson* cases. The court rejects the argument raised by the plaintiffs' counsel that the IRS documents offered by the defendant in support of its Motions to Dismiss and for Partial Dismissal are inadmissible.

The court cites to several reasons why each of the documents offered by the defendant in support of its motions are admissible and probative. In the cases of *Morrison, Knibbs,* and *Ferguson,* the notices of disallowances also were attached to the complaints filed by the plaintiffs' counsel on behalf of his clients. Having voluntarily attached these same documents to the papers they filed with the court, the plaintiffs appear to have admitted the validity and accuracy of those documents. In both the *Knibbs* and *Ferguson* cases, the court is in receipt of an affidavit from defendant's counsel attesting to the source and authenticity of the IRS records offered in those cases. Since the affidavit of defendant's counsel is unrefuted in the record, this court is justified to accept the affidavit and all the documents offered in the *Knibbs* and *Ferguson* cases as accurate. In addition, on the face of each of the Certificates of Assessments and Payments offered, there appears an attestation by an IRS official that the document is a true transcript of the IRS account of the taxpayer(s) named. These attestations, likewise, remain unchallenged in the record. The court will, therefore, accept these Certificates of Assessment in the *Rohmann, Morrison,* and *Knibbs* cases as true representations of the taxpayers' account with the IRS as of the date of issuance shown on the certificate.

In *Rocovich v. United States,* 933 F.2d 991, 994 (Fed.Cir.1991), the Court of Appeals for the Federal Circuit stated that "A Certificate of Assessments and Payments is routinely used to prove that a tax assessment has in fact been made." This rule was then adopted in *Fulgoni v. United States,* 23 Cl.Ct. 119, 125 (1991). The *Rocovich* court further noted that the Certificate of Assessments is presumptive proof of a valid assessment where the opposing party has raised no evidence to counter this proposition. *Rocovich v. United States,* 933 F.2d at 994.[4]

Only one document offered by defendant is not covered either by having been at-

---

4. Moreover, according to the rationale set forth in *Bob Jones University v. United States,* 229 Ct.Cl. 340, 350, 670 F.2d 167, 174 (1982), tax assessments made by the IRS are presumed to be correct, unless evidence to rebut that presumption is provided by the taxpayer.

tached to the complaint, referenced in an affidavit of the defendant's counsel or bearing an attestation as to its validity. The notice of deficiency submitted by the defendant in the *Morrison* case was introduced without the benefit of support; this document, however, also remains uncontested in the record by the plaintiffs, and no evidence has been offered by plaintiffs' counsel to refute its validity.

The documents offered by the defendant also are admissible under the Federal Rules of Evidence, Rule 803(6), which provides conditions for admitting the records of a regularly conducted business activity as an exception to the hearsay rule, and Rule 803(8) which provides the guidelines under which public records and reports may be admitted as another exception to the hearsay rule.[5]

The court further concludes that the defendant's Motions to Dismiss and for Partial Dismissal, pursuant to RUSCC 12(b)(1), in the *Rohmann, Morrison, Knibbs* and *Ferguson* cases should not be treated as Motions for Summary Judgment, as plaintiffs' counsel would have the court do. Plaintiffs' counsel seems to have confused RUSCC 12(b)(1) and RUSCC 12(b)(4). If a motion is brought under RUSCC 12(b)(4), for failure to state a claim, and matters outside the pleadings are presented, the motion is treated as one for summary judgment. The court, however, notes that all the motions in the above cases were brought by the defendant pursuant to RUSCC 12(b)(1), for lack of subject matter jurisdiction. Therefore, the court may consider matters outside the pleadings, such as the Certificates of Assessments and Payments, notices of deficiency and notices of disallowance in support of defendant's Motions to Dismiss and for Partial Dismissal. *See McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir.1988), *cert. denied,* 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989); *Biotics Research Corp. v. Heckler,* 710 F.2d 1375, 1379 (9th Cir.1983).

The taxpayers in the cases currently before the court bear the burden of proof and must show their entitlement to the refunds claimed. The United States Supreme Court, in *Helvering v. Taylor,* 293 U.S. 507, 514, 55 S.Ct. 287, 290, 79 L.Ed. 623 (1935), stated that:

> Obviously the burden was on the plaintiff, in order to establish a basis for judgment in his favor, specifically to show not merely that the assessment was erroneous but also the amount to which he is entitled. For like reason the burden is upon the taxpayer to establish the amount of a deduction claimed.

In a subsequent case, *United States v. Janis,* 428 U.S. 433, 440, 96 S.Ct. 3021, 3025, 49 L.Ed.2d 1046, *reh'g denied,* 429 U.S. 874, 97 S.Ct. 196, 50 L.Ed.2d 158 (1976), the Supreme Court reaffirmed its position, stating that "In a refund suit the taxpayer bears the burden of proving the amount he is entitled to recover."

In the instant case, not only have the plaintiffs failed to substantiate their claims that the documents offered by the defen-

---

**5.** Fed.R.Evid.Rule 803(6) states:

(6) Records of regularly conducted activity.—A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed.R.Evid.Rule 803(8) states:

(8) Public records and reports.—Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

dant in support of its motions to dismiss or to partially dismiss are inadmissible, but the plaintiffs in *Rohmann, Morrison, Knibbs,* and *Ferguson,* have failed to raise any question as to the validity of the assessments, notices of deficiency and notices of disallowances received by them. If, as plaintiffs' counsel has implied in the papers he filed on behalf of the plaintiffs, he believes he could fare better on behalf of his clients if these motions were converted to motions for summary judgment, he has offered no proof to substantiate his position.

■ After considering the unrebutted evidence provided to the court by the defendant that the plaintiffs have failed to make payment on their tax obligations prior to filing the instant lawsuits in this court and the relevant case law, the court holds that it lacks the jurisdiction to consider the claims brought by the plaintiffs *Rohmann, Morrison, Knibbs,* and *Ferguson* for tax refunds. This court is bound by the rationale articulated by the United States Supreme Court in *Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960), *reh'g denied,* 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 902 (1960), which held that full payment of an income tax deficiency is required before a taxpayer can file a complaint claiming a tax refund in a United States District Court. This standard was subsequently adopted in *Tonasket v. United States,* 218 Ct.Cl. 709, 711–12, 590 F.2d 343 (1978), and applied to the United States Court of Claims when the court held that the *Flora* requirement of full payment before a suit for refund is properly filed extends to the filing of suits in the United States Court of Claims. The United States Claims Court, the successor court to the United States Court of Claims, has adopted the same approach and held that failure to pre-pay the assessment results in the absence of jurisdiction. *DiNatale v. United States,* 12 Cl.Ct. 72, 73 (1987). In accord are numerous other decisions in the United States Claims Court, including *Rocovich v. United States,* 18 Cl.Ct. 418 (1989), *aff'd* 933 F.2d 991 (Fed. Cir.1991), which holds that a taxpayer cannot satisfy the full payment requirement

for bringing a tax refund suit by paying only the amount the taxpayer asserts is due. *Id.* at 423; *see also Frise v. United States,* 5 Cl.Ct. 488, 490 (1984) (stating that the taxpayer must make "full payment of said tax, penalty, interest or cost" before this court has jurisdiction over actions to recover any internal revenue tax); *Daugherty v. United States,* 1 Cl.Ct. 216, 219 (1983) (noting that the "court has no jurisdiction to hear a refund claim until the deficiency assessed has been payed in full"). As pointed out in *Tonasket v. United States,* 218 Ct.Cl. at 713, a requirement to fully pay before bringing litigation in the Court of Claims is necessary to "preserve the harmony of a carefully structured tax litigation system." Based on all the reasons discussed, therefore, this court finds that the above claims of the plaintiffs *Rohmann, Morrison, Knibbs* and *Ferguson* must be dismissed for lack of subject matter jurisdiction.

2. PLAINTIFFS' COMPLAINT WAS FILED MORE THAN TWO YEARS AFTER THE MAILING OF THE NOTICE OF DISALLOWANCE, AND IS THEREFORE UNTIMELY PURSUANT TO 26 U.S.C. § 6532(A)(1)

*James S. & Wanda Morrison,* Case No. 453–89T

■ Having already addressed defendant's first ground for dismissal of the Morrison's case due to an outstanding unpaid deficiency for plaintiffs' 1974 tax year, the court now turns to defendant's second ground for moving to dismiss in this same case, also pursuant to RUSCC 12(b)(1). Defendant alleges that the plaintiffs' complaint was filed more than two years after the mailing of the notice of disallowance and is, therefore, untimely. In support of its motion, defendant cites to the notice of disallowance sent to the plaintiffs from the IRS. The notice of disallowance of the plaintiffs' refund claim was dated, and presumably mailed, on August 21, 1987. Plaintiffs' complaint was not filed until August 22, 1989, after more than two years had passed. Therefore, the defendant con-

tends the filing of the complaint was untimely pursuant to 26 U.S.C. § 6532(a)(1). Defendant asserts that in suits against the United States, statutes of limitation are jurisdictional because they implicate the waiver of sovereign immunity and, therefore, must be strictly construed.

In opposition, although he admits that the complaint was mailed using first class mail, plaintiffs' counsel argues that "a letter which is properly sealed, stamped, addressed, and deposited in the United States mails is presumed to reach the addressee and to be received in due course of the mails. Plaintiffs' counsel cites to *Charlson Realty Co. v. United States*, 181 Ct.Cl. 262, 384 F.2d 434 (1967). Plaintiff's counsel, moreover, asserts in affidavits signed by him and by his secretary, submitted with his response to defendant's motion, that he mailed the plaintiffs' complaint by first-class mail on August 16, 1989, allowing five days for its receipt by the Claims Court.

In response, defendant asserts that the *Charlson Realty* case was decided prior to the 1969 enactment of Rule 21(b)(2)(iii), the predecessor to the current RUSCC 3(b)(2)(C). Defendant also argues that the plaintiff failed to comply with the first requirement of RUSCC 3(b)(2)(C) in order to qualify for an exception included in that rule, which requires "that the Complaint was sent by registered or certified mail, properly addressed to the clerk at 717 Madison Place, N.W., Washington, D.C. 20005, with return receipt requested." Plaintiffs' opposition states that first-class mail, rather than certified or registered mail, was used. Therefore, defendant asserts that

plaintiffs' complaint, filed two years and one day after date of the mailing of the notice of disallowance is not timely pursuant to 26 U.S.C. § 6511(b)(2) (1988) and cannot meet the requirements to qualify as an exception to the timely filing rule set out in RUSCC 3(b)(2)(C).

After considering the relevant case law and the facts specific to the case of *James S. & Wanda Morrison v. United States*, No. 453–89T, the court finds the complaint must be dismissed based on the plaintiffs' late filing of the complaint. According to 26 U.S.C. § 6532,[6] it is very clear that the United States has waived its immunity to be sued on a limited basis only. A complaint in the Claims Court for a tax refund may not be filed more than two years after the mailing of the notice of disallowance. *See Henry v. United States*, 870 F.2d 634, 636 (Fed.Cir.1989); *Griffin v. United States*, 17 Cl.Ct. 196 (1985); *Ambrose v. United States*, 4 Cl.Ct. 352, 355, *aff'd* 738 F.2d 453 (Fed.Cir.1984); *see also Carter v. United States*, 15 Cl.Ct. 753 (1988). Plaintiff's argument that the 90–day letter was issued arbitrarily, which defendant denies, and for which no basis in fact is offered by plaintiffs, cannot operate to give the court jurisdiction over a case in which another jurisdictional defect is also present.

The court agrees that plaintiffs' complaint was not timely filed because the notice of disallowance was mailed on August 21, 1987, and plaintiff's complaint was not filed and docketed by the court until August 23, 1989. Moreover, plaintiff has not documented to the satisfaction of the court that the plaintiff meets all of the criteria under RUSCC 3(b)(2)(C),[7] by which a com-

---

6. 26 U.S.C. § 6532 states:
   No suit or proceedings under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun ... after the expiration of two years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.
   26 U.S.C. § 6532(a)(1) (1982).

7. RUSCC 3(b)(2)(C) states:
   In a situation where a complaint is stamped by the clerk after the last date allowed by a statute of limitations for the filing of the com-

plaint, if the complaint was received by the clerk through the mail, it may, by order of court, upon motion of the party plaintiff, be deemed to have been filed on the last date allowed if there is a proper showing (i) that the complaint was sent by registered or certified mail, properly addressed to the clerk at 717 Madison Place, N.W., Washington, D.C. 20005, and with return receipt requested; (ii) that it was deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail; *and* (iii) that the party plaintiff as sender exercised no control over the mailing be-

plaint received by the Clerk after the applicable statute of limitations has run, can be considered timely.

In order to qualify for an exception under Rule 3(b)(2)(C), a plaintiff must meet each of the criteria set out in the Rule. In the pleadings filed with this court, plaintiffs have admitted that the complaint was mailed to the court by ordinary mail and, therefore, they cannot qualify for an exemption under RUSCC 3(b)(2)(C)(i). Therefore, the "ordinary course of mail" exception, on which plaintiffs' counsel tries to base his claim for waiver of the two year period, cannot save his case. Likewise, plaintiffs' counsel mistakenly relies on the holding in *Charlson Realty Co. v. United States*, 181 Ct.Cl. at 262, 384 F.2d 434, which was a case decided prior to the promulgation of RUSCC 3(b)(2)(C). *Sohm v. United States*, 3 Cl.Ct. 74, 77 (1983). Therefore, the complaint in *James S. and Wanda Morrison v. United States*, No. 453–89T, must be dismissed.

3. FAILURE TO DULY FILE A CLAIM FOR REFUND WITH THE INTERNAL REVENUE SERVICE PRIOR TO FILING THE SUIT IN THE UNITED STATES CLAIMS COURT, PURSUANT TO 26 U.S.C. § 7422

*Alan R. & Kathleen Q. Mayer*, Case No. 348–89T

■ In this case, defendant has filed a Motion for Partial Dismissal. Defendant moves to dismiss pursuant to RUSCC 12(b)(1), for lack of jurisdiction, the plaintiffs' claim for a refund with regard to their 1976 tax year because the claim for refund for that year was not duly filed with the IRS before filing the instant suit, as required by 26 U.S.C. § 7422. The words in 26 U.S.C. § 7422 read:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422.

Defendant alleges that plaintiffs failed to file a timely claim for refund with the IRS, which is prerequisite under 26 U.S.C. § 7422 in order for this court to exercise subject matter jurisdiction over any suit to recover that refund. To its motion, defendant attaches a copy of plaintiffs' 1976 income tax return, a copy of plaintiffs' amended income tax return for the 1976 year and a copy of an envelope addressed to the IRS dated April 16, 1980.

In response, plaintiffs' counsel once again tries to argue that defendant relied on matters outside the pleadings in its motion, including the copy of the 1976 income tax return, a copy of the amended income tax return for the year 1976 and an envelope postmarked April 16, 1980 and addressed to the Internal Revenue Service in Ogden, Utah. Plaintiffs' counsel argues that when the defendant relies on such outside matters, the Rule 12(b)(1) motion should be treated as one for summary judgment, pursuant to Rule 56.[8] Plaintiffs' counsel further argues defendant has failed to comply with Rule 56 because it has not produced documents which would be admissible at trial, has failed to file a proper declaration, and has not filed a "Statement of Issues" or "Proposed Findings of Fact." Plaintiffs' counsel also asserts that he "believes" that the amended return was deposited in the mailbox on April 15, 1980, although defendant has indicated that the actual date of filing was on a later date.

---

tween the deposit of the complaint in the mail and its delivery [emphasis added].

8. Unfortunately, once again, plaintiffs' counsel, Mr. Abrahams, failed to remember that attached to the complaint he filed on behalf of the Mayer plaintiffs are copies of the 1976 income tax return and the 1976 amended tax return signed by his clients.

In Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, defendant asserts that counsel for the plaintiffs provides no documentation to support his contention that the amended return was timely filed. Moreover, defendant notes that in support of its Motion to Dismiss, it filed a copy of the envelope which contained the amended return. The postmark on this envelope clearly is dated April 16, 1980. Defendant asserts that this document is admissible proof under Fed.R.Evid. 803(6) and Fed.R.Evid. 803(8). Defendant argues that plaintiffs have the burden of proving that he mailed the amended return in a timely fashion. Defendant maintains that the plaintiffs in this case have not provided any evidence to meet that burden. Defendant also reasserts that plaintiffs' argument in regard to RUSCC 56 is a misreading of RUSCC 12(b) and that the court is entitled to go beyond the pleadings because the pending motion is a Motion for Partial Dismissal brought pursuant to RUSCC 12(b)(1).

■ It is clear to the court that to be duly filed, a refund claim must comply with the time limits set forth in 26 U.S.C. § 6511 (1988). 26 U.S.C. § 6511(b)(2)(A) states:

> If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

26 U.S.C. § 6511(b)(2)(A). This statute limits the amount of refund a taxpayer can recover to the amount of tax paid in the three year period prior to the filing of the refund claim. *Mertens v. United States*, 12 Cl.Ct. 678, 679 (1987); *Trout v. United States*, 1 Cl.Ct. 219, 220–21 (1983). The 1976 tax claim plaintiff seeks to recover was paid by withholding, as is evidenced on a copy of plaintiffs' 1976 tax return, Form 1040. Withholding is deemed to be paid on the 15th day of the fourth month following the close of the taxpayers' tax year. 26 U.S.C. § 6513(b)(3) (1988). For plaintiffs'

1976 tax year, this would have been April 15, 1977, because plaintiffs reported on a calendar year basis. To be entitled to a refund for 1976, plaintiffs should have filed their claims for refund on or before April 15, 1980, which was three years after the payment by withholding.

The plaintiffs, however, appear not to have filed their refund claim for 1976 with the IRS until either May 12, 1980, May 7, 1980, or at best April 16, 1980, the postmark date on the envelope sent to the IRS. Although the April 16, 1980 postage date stamp on the face of the envelope offered by the defendant remains unrefuted by plaintiffs, it is unfortunate that defendant's counsel failed to submit an affidavit in the Mayers' case to show that the copy of the envelope provided to the court originated in the Department of Justice or IRS files. Moreover, there is nothing on the face of the envelope to indicate from what source the defendant's counsel obtained the copy. The May 7, 1980 and May 12, 1980 dates are both clearly stamped on a copy of plaintiffs' amended tax return and refund claim for 1976, which defendant attached to its Motion to Dismiss. The May 7, 1980 date stamp appears in the upper left hand corner, with the notation "Statute 29600530–Cleared E. Morrow—May 7 '80." The May 12, 1980 stamp appears on the same document, stamped in the center, towards the bottom of the document in the center and reads "No. 14—Accepted as filed—May 12, 1980—By Classification S.C. 29." All of the dates, however, result in a failure by the plaintiffs to file on a timely basis.[9]

The court also notes that 26 U.S.C. § 7502 (1988) deals with the treatment of timely mailing as timely filing. That statute provides that the date of the United States postmark stamped on the envelope shall be deemed to be the date of delivery only in those instances when the postmark falls on or before the prescribed date. Here, both the postmark date (April 16, 1980) and the delivery date (May 7, 1980 or May 12, 1980) fall outside the prescribed date. Therefore, the date of filing is the date of actual receipt, May 7, 1980 or May

---

9. The copy of the amended return submitted with the complaint bears neither stamp.

12, 1980, both of which are beyond the three year statute of limitations.

Furthermore, as discussed more fully earlier in this Order, the court rejects plaintiffs' argument that defendant's Motion to Dismiss for lack of subject matter jurisdiction, pursuant to RUSCC 12(b)(1), should be considered as a motion for summary judgment, pursuant to RUSCC 56, because defendant has brought in matters outside the pleadings. Courts are entitled to look beyond the pleadings when deciding a motion to dismiss pursuant to Rule 12(b)(1).

After considering the relevant case law and the facts specific to the claim of the Mayer plaintiffs for refund of their 1976 tax year, this court holds that it does not have jurisdiction to consider their claims. The plaintiffs have failed to duly file a claim for refund with the Internal Revenue Service prior to filing their suit in the United States Claims Court, as is required by 26 U.S.C. § 7422. For their 1976 claim, plaintiff failed to comply with the restriction in 26 U.S.C. § 6511(b)(2)(A) that the amount of refund that a taxpayer can recover is limited to the amount of tax paid in the three year period prior to the filing of the refund. This time period serves as a bar to receiving a refund. *Arnold v. United States*, 19 Cl.Ct. 521, 523 (1990).

### 4. PLAINTIFF HAS ALREADY RECEIVED A REFUND OF THE AMOUNT SOUGHT IN THE COMPLAINT FILED IN THE UNITED STATES CLAIMS COURT

*Michael W. Haedrich*, Case No. 582–89T

In its Motion for Partial Dismissal, pursuant to RUSCC 12(b)(1), the defendant moves the court to dismiss for lack of subject matter jurisdiction plaintiff Haedrich's claim for recovery of refund in the amount of $228.00 for his 1978 tax year. Defendant asserts that the amount plaintiff is seeking to have this court refund for tax year 1978 has already been paid to him

and, therefore, a second claim for this amount should not be entertained by this court.[10] Defendant contends that the prior refund is confirmed by the Certificate of Assessments and Payments from the IRS setting forth all payments with respect to plaintiff's 1978 tax year, which was attached as an exhibit to defendant's Motion for Partial Dismissal. This certificate indicates that the IRS refunded to plaintiff Haedrich the sum of $228.00 in overpaid tax and $86.14 in associated interest (totalling $314.14) for tax year 1978.

In a Declaration signed by plaintiff's counsel, Mr. Abrahams, which he attached to his Opposition to Defendant's Motion for Partial Dismissal, Mr. Abrahams has responded by denying that a refund of $228.00 in regard to plaintiff's 1978 tax year was received on July 26, 1982, "because plaintiff's counsel did not receive notice of the alleged refund pursuant to his power of attorney." Defendant responds that it is irrelevant as to whether or not plaintiff's counsel was specifically notified that a refund was sent to the plaintiff-taxpayer.[11] The true question is whether plaintiff ever received the refund. In this regard, defendant asserts that plaintiff's counsel has failed to offer a counter-affidavit from plaintiff Haedrich disputing his receipt of the refund and that no where in the affidavit submitted by counsel, Mr. Abrahams, is it disputed that plaintiff did receive the refund.

*William E. Tucker*, Case No. 587–89T

In a Motion for Partial Dismissal, pursuant to RUSCC 12(b)(1), defendant request an order dismissing the plaintiff's claims for recovery of refunds for his 1980 and 1981 tax years, due to lack of subject matter jurisdiction.

Plaintiff seeks a refund of $643.00 in regard to his 1980 tax year. Defendant, however, asserts that on August 6, 1984, the IRS refunded to plaintiff the sum of $643.00 in overpaid taxes for 1980, the full

---

**10.** The complaint in the *Haedrich* case filed in this court on behalf of this plaintiff was signed by "Charles L. Abrahams, Attorney for Plaintiff." In the complaint, plaintiff claims that he is due a refund of $228.00.

**11.** See footnote 3, above.

amount of taxes paid by plaintiff for the 1980 tax year, and $358.20 in interest. Plaintiff's complaint also seeks a refund of $290.00 in overpaid taxes for 1981. Defendant argues that on May 27, 1985, the IRS paid plaintiff $290.00 in overpaid taxes for 1981, the full amount of the taxes paid by plaintiff for the 1981 tax year, plus $153.87 in interest.[12]

Defendant asserts that plaintiff has received the full refund, together with interest for the 1980 and 1981 tax years. Defendant argues that both refunds are confirmed by Certificates of Assessments and Payments for plaintiff's 1980 and 1981 tax years attached to defendant's Motion for Partial Dismissal. In support of its motion, defendant attaches two Certificates of Official Record from the Department of the Treasury, dated November 9, 1989,[13] and two Certificates of Assessments and Payments. Defendant argues that since the refunds have already been made, the plaintiff's claims should not be entertained by this court.

Plaintiff's attorney has responded by opposing defendant's Motion to Dismiss and asserts that the defendant has relied on matters outside the pleadings by relying on a copy of the Certificate of Assessments and Payments to prove that payment was already made in support of its Motion to Dismiss pursuant to RUSCC 12(b)(1). Plaintiff's counsel argues, therefore, that defendant's motion should be treated as a motion for summary judgment in accordance with RUSCC 56. Plaintiff maintains that defendant has not complied with RUSCC 56 because it has not provided documentation that would be admissible at trial and has not filed a "Statement of Genuine Issues" or "Proposed Findings of Fact." Moreover, plaintiff's counsel states

in his papers in opposition that he will agree to a dismissal of the two tax years, if defendant submits a copy of the negotiated refund checks.

In defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, defendant notes that in his opposition, there is no denial that the refunds were, in fact, received. Rather, plaintiff's counsel appears to reject the adequacy of defendant's proof. Defendant states that it appended Certificates of Assessments and Payments in support of its Motion to Dismiss, which are admissible proof under the Federal Rules of Evidence,[14] and are presumed correct unless evidence to rebut that presumption is set forth by the plaintiff. Defendant further argues that because plaintiff has not provided any evidence that he did not receive the refund, he has failed to meet his burden of proof.

Defendant also refutes plaintiff's argument that defendant failed to comply with RUSCC 56, arguing that because defendant's motion for dismissal was brought under RUSCC 12(b)(1), for lack of subject matter jurisdiction, this court is entitled to go beyond the pleadings in connection with such motions.

### Conclusion—Haedrich & Tucker

■ After careful consideration of the relevant legal precedent and the facts specific to Michael W. Haedrich's claim for refund for his 1978 tax year and William E. Tucker's two claims for refund, for his 1980 and 1981 tax years, the court finds that it lacks jurisdiction to consider all three claims. The IRS appears to have refunded the amounts sought by the plaintiffs in the above claims, as confirmed by the documentation from the IRS attached to defendant's Motions for Partial Dismissal in these cases. For the reasons dis-

---

12. The complaint in the *Tucker* case filed in this court on behalf of this plaintiff was signed by "Charles L. Abrahams, Attorney for Plaintiff."

13. The Certificates of Official Record include the attestation offered by IRS employees regarding the official source in the IRS files of the Certificates of Assessments and Payments, which is also reconfirmed on the bottom of the Certificates of Assessments and Payments themselves.

14. Although defendant's Reply suggests that the assessments are admissible pursuant to Fed. R.Evid. 802(8), the court believes that this is a typographical error, and that the defendant actually meant to argue that the assessments are admissible pursuant to Fed.R.Evid. 803(8), one of the exceptions to the hearsay rule.

cussed more fully above, this court also rejects the plaintiff's argument in the *Tucker* case that defendant's Motion to Dismiss under Rule 12(b)(1) should be treated as a motion for summary judgment pursuant to Rule 56 because defendant has relied on matters outside the pleadings. The court may go beyond the pleadings in connection with motions filed pursuant to Rule 12(b)(1).

In the case of plaintiff Haedrich, the court finds that the IRS certificates, attached to defendant's Motion for Partial Dismissal, which detail the tax assessments and payments made to the plaintiffs, are presumptively correct and admissible. They document that the IRS refunded plaintiff the sum of $228.00 in overpaid taxes and $86.14 in interest. Moreover, the plaintiff has failed to offer any evidence to controvert defendant's offer of proof. In the case of plaintiff Tucker, also based on the evidence offered by the IRS, the government has already refunded to the plaintiff the sum of $643.00 in overpaid tax for the year 1980 and $358.20 in interest for that same year and also has paid plaintiff Tucker $290.00 in overpaid tax for the year 1981 together with $153.87 in interest for that year. Once again, the plaintiff, Tucker, has not offered any evidence to controvert the evidence offered by the defendant.

## CONCLUSION

The court has thoroughly reviewed the statutes, regulations, and case law relevant to the motions brought by the defendant, and has carefully analyzed the exhibits filed with the court. For the reasons discussed above, the court, hereby, dismisses the entire complaints of plaintiffs in *Morrison v. United States*, No. 453–89 and *Knibbs v. United States*, No. 507–89. The court also dismisses plaintiffs' claim for refund for their 1983 tax year in *Rohmann v. United States*, No. 268–89T; plaintiffs' claim for refund for their 1974 tax year in *Ferguson v. United States*, No. 527–89T; plaintiffs' claim for refund for their 1976 tax year in *Mayer v. United States*, No. 348–89; plaintiff's claim for refund for his 1978 tax year in *Haedrich v. United*

*States*, No. 582–89T; and plaintiff's claim for refund for his 1980 and 1981 tax years in *Tucker v. United States*, No. 587–89.

IT IS SO ORDERED.