**Lloyd E. and Donna S. NIELSEN, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 91–3619 RFP.**

United States District Court, N.D. California.

Feb. 18, 1993.

Lloyd E. Nielsen, pro se.

Donna S. Nielsen, pro se.

Thomas F. Carlucci, U.S. Attorney's Office, Tax Div., San Francisco, CA, for I.R.S.

## ORDER

PECKHAM, District Judge.

Plaintiffs Lloyd and Donna Nielsen filed suit to recover approximately $1,200 as an overpayment of their 1981 federal income tax. The basis of their claim is that they improperly included $5,165 in excludable disability income on their 1981 income tax return. The government has moved to dismiss or, in the alternative, for summary judgment.

## BACKGROUND

### Facts

At all relevant periods Lloyd Nielsen was a probation officer with the adult division of the San Mateo County Probation Department. Beginning on October 26, 1981 and ending February 16, 1992, Mr. Nielsen was out of work due to heart by-pass surgery. During this period he was compensated, via sick leave, at his regular rate of pay of $2,300 per month. He was paid a total of $5,165 for the nine weeks he was out during 1981. In April of 1982, Mr. Nielsen filed a workmen's compensation claim, seeking a determination that he was temporarily totally disabled during his fifteen week recovery period.

On February 26, 1986, Judge Duncan Davidson of the Workmen's Compensation Appeals Board entered an award of disability in favor of Mr. Nielsen. The award states that he was temporarily totally disabled during the fifteen-week recovery period. Plaintiff was awarded $175 per week as disability indemnity for that period. This appears to be in addition to the sick pay plaintiff had

received for the nine-weeks he was out of work in 1981 ($5,165).

Because Mr. Nielsen was determined to be disabled during his surgery recovery, he claims that the salary he was paid as sick leave was really disability payment. Further, he claims that the disability pay ($5,165) should not have counted as income and therefore he is entitled to a refund of the taxes paid on the disability pay.

A Memorandum of Understanding between the Probation and Detention Association (Teamsters Local 856) and San Mateo County states: [1]

(1) *Job Incurred disability Leave With Pay*

(A) *Definition:* Disability leave with pay is an employee's absence from duty with pay because of disability caused by illness or injury arising out of and in the course of employment which has been declared to be compensable under the Workers' Compensation Law. Only permanent or probationary employees occupying permanent positions are eligible for disability leave with pay.

(B) *Payment:* Payment of disability leave shall be at the base pay of the employee and shall be reduced by the amount of temporary disability indemnity received pursuant to Workers' Compensation Law.

Plaintiffs state that pursuant to this agreement San Mateo County reinstated Mr. Nielsen's sick leave after the Worker's Compensation determination and deemed the money paid in sick leave to be disability pay.

On April 9, 1986, plaintiffs sent a claim for refund to the IRS seeking a refund from their 1981 taxes in the amount of $1,072, the amount of taxes they paid on the money that was formerly deemed sick pay and later deemed disability pay. The IRS disallowed the claim. A requested appeal conference was denied by the IRS. This suit was filed on October 15, 1991.

*Prior Ruling of This Court*

On April 30, 1992, the government filed a motion to dismiss on the ground that the plaintiffs had failed timely to file a claim for refund with the IRS. On June 10, 1992, this court denied the government's motion, finding that the claim for refund was timely.

## THE SUMMARY JUDGMENT STANDARD

■ Federal Rule of Civil Procedure 56(c) provides for summary judgment where no genuine issue exists as to any material fact and where the moving party is entitled to judgment as a matter of law. The burden falls on the moving party to establish that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party may meet this burden by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial. Once it has done so, the burden shifts to the non-moving party to present specific facts showing that contradiction is possible. *British Airways Board v. Boeing Co.,* 585 F.2d 946, 950–952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). It is not required, however, that the plaintiff prove the non-existence of facts to support the non-moving party's case. Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552.

■ A party opposing summary judgment must set forth, by affidavits or other admissible evidence, specific facts demonstrating the existence of a factual issue for trial. A mere "scintilla" of evidence will not suffice; the non-moving party must show that the factfinder could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable ... or is not significantly probative, summary judgment may be grant-

1. The version of the Memorandum provided to the court is of a later date than the Memorandum in effect at the relevant time but the pertinent language is reportedly the same. The government has not objected to the introduction of this agreement into evidence.

ed." *Eisenberg v. Insurance Co. of North America,* 815 F.2d 1285, 1288 (9th Cir.1987) (citing *Anderson,* 477 U.S. at 251, 106 S.Ct. at 2512). In making this determination, the court must take the non-moving party's evidence as true and all inferences are to be drawn in the light most favorable to the non-moving party.

■ "In a refund suit the taxpayer bears the burden of proving the amount he is entitled to recover. It is not enough for him to demonstrate that the assessment of the tax for which refund is sought was erroneous in some respects." *United States v. Janis,* 428 U.S. 433, 440, 96 S.Ct. 3021, 3025, 49 L.Ed.2d 1046, 1052 (1976) (citation omitted).

### DISCUSSION

Plaintiffs claim that the $5,165 of disability compensation they received in 1986 for Mr. Nielsen's 1981 injury was non-taxable and should have been excluded from income on their 1981 income tax return. The government argues: "Notwithstanding the obvious problem of different tax years (1981 and 1986), plaintiffs' claim fails because they have not identified any particular statute in support of excluding the $5,165."

In their response to the government's motion the Nielsens have identified Internal Revenue Code section 104(a)(1) and (2) as the authority for the exclusion and refund they seek.

26 U.S.C. § 104 states:

(a) **In general.**—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—

(1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness;

(2) the amount of any damages received (whether by suit or agreement and whether as lump sum or as periodic payments) on account of personal injuries or sickness;

Regulations promulgated under section 104(a)(1) "interpret this section also to exclude amounts paid 'under a statute in the nature of a workman's compensation act

which provides compensation to employees for personal injuries or sickness incurred in the course of employment.'" *Take v. Commissioner,* 804 F.2d 553 (9th Cir.1986) (quoting Treas.Reg. § 1.104–1(b) (1960)).

*Section 104(a)(1)*

■ Plaintiffs argue that the disability payments were received pursuant to California Labor Code § 4850 and therefore they are excludable. We presume plaintiffs contend that the Memorandum of Understanding merely reiterated what section 4850 already required. California Labor Code § 4850 (version operative until January 1, 1990) stated, in part:

Whenever any city policeman, harbor policeman of any harbor district, city, county, or district firefighter, sheriff or any officer or employee of a sheriff's office, any inspector, investigator, detective, or personnel with comparable title in any district attorney's office, or lifeguard employed year round on a regular, full-time basis by a county of the first class, who is a member of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937 (chapter 3 (commencing with Section 31450) of Part 3 of Division 4 of Title 3 of the Government Code) is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his or her duties, he or she shall become entitled, regardless of his or her period of service with the city, county, or district, to leave of absence while so disabled without loss of salary in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of the disability, but not exceeding one year, or until such earlier date as he or she is retired on permanent disability pension, and is actually receiving disability pension payments, or advanced disability pension payments pursuant to Section 4850.3 of the Labor Code. This section shall apply only to city policemen, harbor district policemen, sheriffs or any officer or employee of a sheriff's office, and any inspector, investigator, detective, or personnel with comparable title in any district attorney's office, who are members of the Public Employees'

Retirement System or subject to the County Employees Retirement Law of 1937 (Chapter 3 (commencing with section 31450) of Part 3 of Division 4 of Title 3 of the Government Code) and excludes the employees of a police department whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise, and whose functions do not clearly fall within the scope of active law enforcement service, and excludes the employees of a county sheriff's office whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise, and whose functions do not clearly come within the scope of active law enforcement service. . . .

Were Mr. Nielsen within the category of employees listed in Labor Code section 4850, he would have been entitled to exclude his disability pay from his income. According to Revenue Ruling 68–10, 1968–1 C.B. 50 (1968), payments pursuant to Labor Code section 4850 are excludable under Internal Revenue Code section 104(a)(1) because section 4850 (unlike the statute at issue in *Rutter v. Commissioner*, 760 F.2d 466, 468 (2nd Cir.), *cert. denied*, 474 U.S. 848, 106 S.Ct. 141, 88 L.Ed.2d 116 (1985)), is a statute in the nature of a workman's compensation act. This is consistent with *Take v. Commissioner*. That case held that an Alaska statute did not satisfy section 104(a)(1) because it provided compensation even for sickness or injury not incurred in the course of employment. *Take*, 804 F.2d at 557–58. Unlike that statute, California Labor Code section 4850 provides for compensation only for sickness or injury that arises out of and is incurred in the course of the employee's duties.[2]

Mr. Nielsen, however, does not come within section 4850, for, at the relevant time, he was not a city policeman; a harbor policeman; a city, county, or district firefighter; a sheriff or any officer or employee of a sheriff's office; an inspector, investigator, detective, or person with comparable title in any district attorney's office; or a lifeguard employed year round on a regular, full-time

basis by a county of the first class. These are the only categories of people who fall within the bounds of section 4850.

Mr. Nielsen was a probation officer with the San Mateo County Probation Department. The probation department is not part of a sheriff's department or a district attorney's office. The adult probation officer is appointed and removed by the majority of the judges of the superior court of the county in question. The adult probation officer appoints his or her assistants and deputies, etc. California Penal Code § 1203.6. Thus, the probation department is essentially an arm of the superior court. Since Mr. Nielsen does not come within the categories of employees listed in section 4850, Mr. Nielsen's disability pay was pursuant to contract but not pursuant to a statute in the nature of a workman's compensation act. Therefore, plaintiffs may not exclude the disability pay under section 104(a)(1).

*Section 104(a)(2)*

■ The disability pay is also not excludable under section 104(a)(2). Section 104(a)(2), "the amount of any damages received . . . on account of personal injuries or sickness," is limited to tort or tort-like actions. *See United States v. Burke*, — U.S. —, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992); *Glynn v. Commissioner*, 76 T.C. 116 (1981). There is neither evidence nor an allegation that Mr. Nielsen's bypass surgery was the result of a tort. Thus, section 104(a)(2) does not apply.

### CONCLUSION

None of the statutory sources identified by plaintiffs for the exclusion of disability pay from income is applicable in this case and the court is unaware of any proper source of exclusion. Therefore, summary judgment is GRANTED in favor of the government. This case is DISMISSED with prejudice.

IT IS SO ORDERED.

---

**2.** Additionally, Mr. Nielsen's sickness must have been determined to be work related or else he would not have prevailed in his workman's compensation claim. *See* Labor Code section 3600 (liability for worker's compensation exists for injury arising out of and in the course of employment). The government does not dispute the validity of that determination.