In re Steve **ABBATE**, Debtor.

Steve **ABBATE**, Appellant,

v.

**UNITED STATES** of America, Internal Revenue Service, Department of Treasury, Appellees.

No. CV–S–95–242–PMP (LRL).
Bankruptcy No. BK–S–94–020594–RCJ.
Adv. No. 942124.

United States District Court,
D. Nevada.

Sept. 26, 1995.

Steve Abbate, Las Vegas, NV, in pro. per.

Bradford J. Barneys, Trial Attorney, Tax Division, Department of Justice, Washington, DC, for defendants.

*OPINION*

PRO, District Judge.

The debtor, STEVE ABBATE ("Appellant") appeals the United States Bankruptcy Court's granting of a summary judgment in favor of the United States with respect to the liabilities set forth on the amended Internal Revenue Service ("IRS") proof of claim for tax years 1990 through 1993. Finding no merit in the Appellant's arguments, the Court affirms the decision of the Bankruptcy Court.

## I. BACKGROUND

On February 16, 1994, Appellant filed a Chapter 13 bankruptcy petition. On or about May 23, 1994, Appellant filed a pleading entitled "Commencement of Adversary Proceeding Challenging of Jurisdiction/Venue" (# 1) ("Adversary Proceedings Complaint") and an "Objection to Allowance of Claim" (# 1) in which the Appellant sought to be declared a "non-taxpayer" and sought relief from tax obligations. Appellant argues that the Internal Revenue Code is unconstitutional and that Appellant's constitutional

rights have been violated because, as a "Sovereign State Citizen" and a "non-taxpayer," he is not subject to the Internal Revenue Code.

On or about June 13, 1994, the United States filed a Motion to Dismiss (# 6) the adversary proceeding and a Response to the Objection to Claim (# 9). In its Order (# 20) entered October 26, 1994, the Bankruptcy Court dismissed as frivolous all of the claims set forth in the Adversary Proceeding Complaint (# 1), including those claims pertaining to whether the Appellant is subject to the federal income tax laws and whether the IRS is authorized to assert tax liabilities against the Appellant. At that time, the Court also consolidated the Objection to the IRS Claim into the adversary proceeding.

Although none of the pleadings filed by the Appellant sought a determination of the amount of the Appellant's tax liabilities or sought to challenge the amount of the liabilities set forth on the IRS proof of claim, the Court allowed the matter to continue forward to determine the amount of the Appellant's liabilities for tax years 1990, 1991, 1992, and 1993.

Appellant filed federal income tax returns for tax years 1990 and 1991. *See* Declaration of Brian J. Feldman (# 24), Exhibits 1 and 2. As reflected on those returns, the Appellant reported wage income of $6,750.15 for tax year 1990 and $7,069.60 for tax year 1991. On June 11, 1993, a statutory notice of deficiency was sent to the Appellant for tax years 1990 and 1991.[1] *See* Declaration of Feldman (# 24), Exhibit 3. As reflected in the statutory notice, the IRS determined that the Appellant received tip income of $7,641.00 for tax year 1990 and $8,512.00 for tax year 1991 from his employment as a dealer at the Hotel Continental, Inc., ("Continental") that was not reported on his returns

---

1. The statutory notice sets forth an explanation of the adjustments and how the deficiencies and associated penalties were computed. The income tax deficiency for tax year 1990 is $1,142.00 and the deficiency for tax year 1991 is $1,277.00. In addition to the income tax deficiencies, the statutory notice also reflects unpaid FICA (social security) taxes in the amount of

$585.00 for tax year 1990 and $651.00 for tax year 1991. *See* Forms 2504 and 885–T attached as part of Governments Exhibit 3 to Memorandum in Support of United States' Motion for Summary Judgment (# 26). The Appellant is also liable for penalties associated with the unpaid FICA taxes pursuant to Code § 6652(b). *See* Declaration of Feldman (# 24), Exhibit 3.

for said years.[2] *See* Declaration of John A. Best (# 23), ¶ 3; Declaration of Feldman (# 24), Exhibit 3.

Unlike tax years 1990 and 1991, the Appellant failed to file federal income tax returns for tax years 1992 and 1993. Declaration of Best (# 23), at ¶ 4. However, through the use of the IRS' Information Return Processing System ("IRPS"), the IRS was able to ascertain the amount of interest income reported on Forms W-2s issued to the Appellant and filed with the IRS for said years along with the amount of interest income earned by the Appellant reported on Forms 1099 issued to the Appellant and filed with the IRS. Declaration of Best (# 23), at ¶ 4. On or about August 2, 1994, a statutory notice of deficiency was issued to the Appellant for tax year 1992.[3] *See* Declaration of Feldman (# 24), Exhibit 4. Like tax years 1990 and 1991, the IRS determined that in addition to the wage income and interest income retrieved from the IRPS, Appellant also received tip income of $9,766.00 resulting in an income tax deficiency of $1,729.00. *See* Declaration of Best (# 23), ¶ 5; Declaration of Feldman (# 24), Exhibit 4. After applying credits and before adding penalties, the amount remaining due and owing to the United States for tax year 1992 is $1,234.00.[4] *See* Declaration of Feldman (# 24), Exhibit 4. In addition to the income tax deficiency and associated penalties, Appellant is liable for unpaid FICA taxes of $747.09 as well as for penalties associated with the unpaid FICA taxes pursuant to Code Sections 6651(a) and 6652(b). *See* Declaration of Feldman (# 24), Exhibit 5.

As for tax year 1993, although a formal statutory notice of deficiency has not yet been issued to the Appellant, attached to the Declaration of Brian J. Feldman (# 24), Exhibit 6, are proposed "Income Tax Examination Changes". As reflected in Exhibit 6 and the Declaration of John A. Best, the IRPS reflects that wage income of $7,299.00 was reported in the W-2 issued to the Appellant and filed with the IRS for 1993 and $17.00 in interest income was reported on a Form 1099 issued to the Appellant and filed with the IRS for said year. Declaration of Feldman (# 24), Exhibit 6; Declaration of Best, at ¶ 4. Consistent with the examinations and adjustments described above with respect to tax years 1990, 1991, and 1992, the IRS determined that in addition to the wage income and interest income retrieved from the IRPS, the Appellant also earned tip income of $8,540.00 resulting in an income tax deficiency of $1,474.00.[5] *See* Declaration of Feldman (# 24), Exhibit 6; Declaration of Best, at ¶ 5. In addition to the income tax deficiency and associated penalties, Appellant is liable for unpaid FICA taxes of $653.31 as well as for penalties associated with the unpaid FICA taxes pursuant to Code §§ 6651(a) and 6652(b). *See* Declaration of Feldman (# 24), Exhibit 7.

On or about November 15, 1994, an amended IRS proof of claim dated November 1, 1994, was filed with the Bankruptcy Court (Exhibit 8, # 24) reflecting the liabilities set forth above for the tax years 1990, 1991, 1992 and 1993. The amounts listed as "tax due" on the proof of claim reflect the sum of the

---

2. As reflected in the Declaration of Revenue Agent John A. Best (# 23), the IRS determined the amount of unreported tip income for each of years at issue in this case by ascertaining the amount of hours worked by Appellant at the Continental and then multiplying said hours by a rate agreed to by the IRS and the Continental as representing the average amount of tips earned by dealers per hour at the hotel. Declaration of Best (# 23), at ¶¶ 3, 5. For tax years 1990, 1991, 1992, and 1993, it was determined that the hours worked by Appellant were 1,350, 1,413, 1,526, and 1,460, respectively, and the rates applied were $5.66, $6.02, $6.40 and $5.85, respectively. Declaration of Best (# 23), at ¶¶ 3, 5.

3. As reflected in the Declaration of Feldman (# 24), Exhibit 4 and the Declaration of Best

(# 23), the IRPS reflects that wage income of $7,699.00 was reported on the W-2 issued to the Appellant and filed with the IRS for 1992 and $12.00 in interest income was reported on a Form 1099 issued to the Appellant and filed with the IRS for said year.

4. The Appellant is also liable for penalties associated with the income tax deficiency pursuant to §§ 6651 and 6654 of the Internal Revenue Code. *See* Declaration of Feldman (# 24), Exhibit 4.

5. The Appellant is also liable for penalties associated with the income tax deficiency pursuant to §§ 6651 and 6654 of the Internal Revenue Code. *See* Declaration of Feldman (# 24), Exhibit 6.

income tax deficiency and the unpaid FICA taxes set forth above for each of the years at issue.

On February 3, 1995, the United States Bankruptcy Court for the District of Nevada, granted summary judgment (# 39) in favor of the United States. This timely appeal followed.

## II. STANDARD OF REVIEW

The Court reviews Bankruptcy ·Court's findings of fact for clear error. *In re Fowler*, 903 F.2d 694, 696 (9th Cir.1990). The Court reviews conclusions of law *de novo*. *Id.*

## III. DISCUSSION

### A. Presumptive Validity of Proof of Claim

■ It is well settled that a duly executed proof of claim filed with the Bankruptcy Court is prima facie evidence of the validity and amount of a claim. 11 U.S.C. § 502; Bankr.Rule 3001(f); *Whitney v. Dresser*, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584 (1906); *In re Delta Smelting and Refining Alaska, Inc.*, 53 B.R. 877, 883 (Bankr.D.Alaska 1985); *Ashford v. Consolidated Pioneer Mortgage*, 178 B.R. 222, 225 (9th Cir.BAP 1995). Once such a claim has been filed, the burden then shifts to the objecting party to present evidence to overcome the prima facie case. *In re Brady*, 110 B.R. 16, 18 (Bankr.D.Nev. 1990); *In re Murgillo*, 176 B.R. 524, 529 (Bankr. 9th Cir.1995); *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991). As stated by the Court in *Holm, supra*:

> . ·. the allegations of the proof of claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish a claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves.

■ Beyond the presumptive validity of the proof of claim, with respect to the Appellant's liabilities for tax years 1990 and 1991, the proof of claim reflects that assessments were made against the Appellant for said years. In turn, it is well settled that assessments are presumed to be correct. *United States v. Janis*, 428 U.S. 433, 440–441, 96 S.Ct. 3021, 3025–3026, 49 L.Ed.2d 1046 (1976); *Rohmann v. United States*, 25 Cl.Ct. 274, 282 (Cl.Ct.1992); *Nielsen v. United States*, 820 F.Supp. 484, 487 (N.D.Cal.1993); *In re Burns*, 974 F.2d 1064 (9th Cir.1992); *United States v. Molitor*, 337 F.2d 917, 924 (9th Cir.1964).

■ Therefore, since the Appellant offered no evidence to rebut the IRS' proof of claim and because the proof of claim is deemed to be presumptively valid absent such evidence, the Bankruptcy Court properly granted summary judgment in favor of the United States with respect to the liabilities set forth on the amended proof of claim for tax years 1990 through 1993.

### B. Appellant's Allegations

■ The Appellant submitted no pleadings in this action which challenge the amount of the tax liabilities asserted against him by the IRS for the years at issue. The Appellant merely reiterated arguments about not being subject to the federal income tax laws, arguments which have been uniformly rejected by the Courts. *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir.1990); *see e.g., United States v. Sullivan*, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir.1986); *United States v. Buras*, 633 F.2d 1356 (9th Cir.1980); *United States v. Neff*, 615 F.2d 1235 (9th Cir.1980). As stated by the Court in *Lonsdale, supra*:

> the following arguments are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, · white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue Code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages

are not income; (6) the income tax is voluntary; etc.

In its October 26, 1994 Order (# 20), and in its February 3, 1995 Order (# 39), the United States Bankruptcy Court also rejected these obviously frivolous contentions in dismissing all of the claims set forth in the Appellant's adversary complaint.

If the Appellant had any basis to oppose or to rebut the claim of the United States for unpaid taxes, penalties and interest for tax years 1990, 1991, 1992 and 1993, set forth on the November 1, 1994 proof of claim (# 24), he should have presented such opposition by affidavit in accordance with Rule 56(e) of the Federal Rules of Civil Procedure 7056. Rule 56(e) of the Federal Rules of Civil Procedure "requires the non-moving party to go beyond the pleadings and by its own affidavits, or by the [completed discovery] designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Vague and conclusory allegations are insufficient to create a genuine issue that the amounts are erroneous. *Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir.1990).

The frivolous arguments put forward by the Appellant in this action include the arguments that the Internal Revenue Code is unconstitutional and that the Appellant's constitutional rights have been violated because, as a "Sovereign State Citizen" and a "non-taxpayer," he is not subject to the Internal Revenue Code. Such arguments are insufficient, as a matter of law, to rebut the prima facie validity of the IRS proof of claim.

IT IS THEREFORE ORDERED THAT the United States Bankruptcy Court grant of summary judgment in favor of the United States with respect to the liabilities set forth on the amended proof of claim for tax years 1990 through 1993 is AFFIRMED.