**In re Walter PALMER, Debtor.**

**Walter PALMER, Appellant,**

v.

**Brian McMAHON, Director Internal Revenue Service, et al., Appellees.**

**Nos. CV–S–96–287–PMP(RLH), BK–S–92–22069–RCJ.**

United States District Court, D. Nevada.

Aug. 12, 1997.

Walter L. Palmer, Las Vegas, NV, in proper person.

Virginia Cronan Lowe, Tax Division, U.S. Department of Justice, Washington, DC, for appellees.

## OPINION

PRO, District Judge.

Walter Palmer ("Palmer") appeals the ruling of the bankruptcy court in granting an exemption from discharge to the Internal Revenue Service ("IRS") for the tax debts listed in Schedule E of his Chapter 7 Petition. Palmer filed his Opening Brief (# 110) on June 17, 1997. Appellees (hereinafter the "IRS") filed an Answering Brief (# 111) on July 2, 1997. Palmer filed a Reply (# 112) July 14, 1997.

### I. Background

On May 7, 1992, Palmer filed a Chapter 7 bankruptcy petition. Palmer listed the IRS as the only creditor on Schedule E of his Chapter 7 bankruptcy petition. On August 20, 1992, Palmer received a discharge for all debts and his Chapter 7 case was closed. The IRS did not file a proof of claim or a complaint objecting to the discharge of the debt. However, on September 14, 1993, the IRS notified Palmer of its intent to levy his Civil Service Disability Retirement benefits for the tax periods 1986 and 1987. The IRS starting seizing Palmer's monthly disability benefits in October 1994.

On April 26, 1995, Palmer filed a motion to reopen his bankruptcy case which the bankruptcy court granted on June 15, 1995. Subsequently, Palmer filed a Complaint to Discharge Invalid, Unlawful Debt, which sought a determination by the bankruptcy court that his tax debts and liabilities for the years 1986 and 1987 had been discharged. On November 27, 1995 the United States filed a Motion for Summary Judgment and memorandum in support thereof (# 43 and 45, respectively). The bankruptcy court held a hearing in the matter on January 4, 1996.

On February 5, 1996, the bankruptcy court entered a Judgment (# 67), which ordered: the tax claims of the IRS, for taxable years 1986 through and including 1991, exempt from discharge; all claims of the Debtor dismissed with prejudice; all remaining hearings in this bankruptcy case vacated; and the bankruptcy case closed. On February 14, 1996, Palmer filed a Notice of Appeal of the Judgment.

### II. Standard of Review

The Court reviews the bankruptcy court's findings of fact for clear error and conclusions of law de novo. *In re Pace,* 67 F.3d 187, 191 (9th Cir.1995); *In re Unicom Computer Corp.,* 13 F.3d 321, 323 (9th Cir.1994). The Court will not disturb the bankruptcy court's denial of discharge decision absent a clear abuse of discretion. *In re Roosevelt,* 87 F.3d 311, 314 (9th Cir.1996).

### III. Discussion

#### A. ABUSE OF DISCRETION

The Bankruptcy Court did not abuse its discretion in exempting from discharge the tax debts listed in Schedule E of Palmer's

Chapter 7 petition because Palmers tax debts were not discharged in bankruptcy.

 Section 727(b) of the Bankruptcy Code, which defines the scope of a Chapter 7 debtor's discharge, provides that a discharge is subject to the provisions of § 523. 11 U.S.C. § 727(b). Thus, the bankruptcy court can only discharge those debts that are dischargeable under 11 U.S.C. § 523. *In re Beezley,* 994 F.2d 1433, 1434 (9th Cir.1993). Taxes are among the debts described and excluded from discharge in § 523(a). 11 U.S.C. § 523(a)(1)(B)(i). Specifically, § 523(a) provides that "[a] discharge under § 727 ... does not discharge an individual debtor from any debt for a tax ... with respect to which a return, if required was not filed." *Id.* Therefore, the bankruptcy court could not have discharged Palmer's tax liabilities.

Palmer argues that the IRS has not shown that tax returns were "required." However, the IRS assessed the income tax liabilities against Palmer for the years 1986 through and including 1991. (*See* Ronald Thorley Decl. (# 41), Ex. 1, Form 4340, Certificate of Assessments and Payments for Walter Palmer for the tax periods December 31, 1986 through December 31, 1991). Palmer does not allege that he filed returns for any of the periods at issue and presents no evidence indicating that the assessments by the IRS are inaccurate. Thus, this Court presumes that the assessments by the IRS are correct. *In re Abbate,* 187 B.R. 9, 12 (D.Nev.1995).

Palmer next argues that the IRS waived its right to collect on the "alleged debt listed in Schedule E" of his petition because it failed to file a proof of claim in his Chapter 7 bankruptcy. The IRS did not have to file a proof of claim in Palmer's case because there were no assets to distribute. *In re McKinnon,* 165 B.R. 55, 56 (Bankr.D.Me.1994). "In a case without assets to distribute the right to file a proof of claim is meaningless and worthless." *In re Mendiola,* 99 B.R. 864, 867 (Bankr.N.D.Ill.1989) The bankruptcy rules, therefore, permit the court to dispense with the filing of proofs of claim in a no-asset case. Thus, although the IRS did not file a proof of claim, it did not waive its right to collect outstanding tax liabilities.

Finally, Palmer argues that his tax liabilities should have been discharged because the IRS failed to file a complaint objecting to the discharge of the debt included on Schedule E as required by the Federal Rules of Bankruptcy Procedure 4004(a) and 4007(e). However, the facts on which Palmer relies are irrelevant to the issue of dischargeability under § 523(a)(1)(B)(i). As discussed, supra, because the tax liabilities assessed for the years 1986 through and including 1991 are nondischargeable, it is inconsequential that the IRS did not file a motion pursuant to 4004(a) and 4007(c).

IT IS THEREFORE ORDERED THAT the Judgment entered by the bankruptcy court on February 5, 1996 is AFFIRMED.